NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0056n.06
Filed: January 16, 2008

No. 05-6550

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES S. OLIVER,

    Defendant-Appellant.

_____/

On appeal from the United States District Court for the Eastern District of Kentucky

BEFORE:    RYAN and DAUGHTREY, Circuit Judges; COHN[*], District Judge.

    RYAN, Circuit Judge.     Defendant James S. Oliver appeals his sentence imposed following his guilty plea for using marijuana while in possession of firearms under 18 U.S.C. § 922(g)(3). We find no basis to disturb Oliver's sentence and therefore affirm the district court's judgment.

**I.**

    In July 2002, Oliver was indicted on six counts relating to marijuana trafficking, including possession of firearms in furtherance of drug trafficking crimes. When local police executed a search warrant at Oliver's residence, they discovered approximately 1,600 marijuana plants, 30-40 pounds of processed marijuana, drug paraphernalia, and

_____

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

cash. Police also recovered a total of nineteen firearms, four of which were loaded, and one of which appeared to be a semi-automatic assault rifle.

Oliver pleaded guilty to possessing an assault rifle in furtherance of drug trafficking crimes, in violation of the Public Safety and Recreational Firearms Use Protection Act (Assault Weapons Ban) (AWB), codified at 18 U.S.C. § 924(c)(1)(a) and (B)(i); using marijuana while in possession of firearms, in violation of 18 U.S.C. § 922(g)(3); and two counts of forfeiture of the firearms and marijuana, pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 853. In exchange for this plea and Oliver's previous cooperation, the government dismissed the charges relating to manufacturing marijuana with intent to distribute and requested that the court depart ten percent below the guidelines on the user of marijuana offense due to substantial assistance to authorities.

At the time of Oliver's crimes, the AWB offense carried a mandatory 120 month minimum sentence, to be served consecutively to any confinement imposed for the drug trafficking offenses. 18 U.S.C. § 924(c)(1)(D)(ii). Under the 2002 United States Sentencing Guidelines, in effect at the time of sentencing, the recommended range for Oliver's other offenses totaled 46 to 57 months' imprisonment. Both parties agreed to this range at sentencing.

The district court sentenced Oliver to the mandatory 120 months' imprisonment for violation of the AWB to run consecutively with 40 months' imprisonment for the drug related offenses—a six month downward departure from the guidelines' minimum recommendation.

As permitted in the plea agreement, Oliver appealed his sentence to this court on the issue of whether a particular weapon he possessed at the time of arrest qualified as

a semi-automatic assault weapon pursuant to the AWB.  See United States v. Oliver, 390 F.3d 482 (6th Cir. 2004).  We affirmed Oliver's sentence, but the United States Supreme Court subsequently vacated it in light of United States v. Booker, 543 U.S. 220 (2005).  See Oliver v. United States, 544 U.S. 995 (2005).  We then reinstated our former opinion and remanded to the district court for further consideration.  United States v. Oliver, 416 F.3d 531 (6th Cir. 2005).

Upon remand, the district court noted that the repeal of the AWB in September 2004 did not affect that part of Oliver's sentence.  After a thorough discussion of the relevant factors enumerated in 18 U.S.C. § 3553(a), and considering the mandates of Booker, the district court reimposed Oliver's original sentence.

## II.

Oliver does not attack the 120 month mandatory minimum sentence for the violation of the AWB, but argues that, in light of the fact that the AWB's mandatory 120 month minimum sentence requirement was repealed, the 40 months' imprisonment for the related drug offense is unreasonable because of the length of the resulting overall sentence.

We review a district court's sentencing decision for reasonableness, which requires both a substantive and procedural review.  United States v. Davis, 458 F.3d 505, 510 (6th Cir. 2006).  We must "consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination."  United States v. Webb, 403 F.3d 373, 383 (6th Cir. 2005), cert. denied, 546 U.S. 1126 (2006).

Since Booker, the federal sentencing guidelines are "advisory" to the overall calculation of a defendant's sentence.  Booker, 543 U.S. at 245.  District courts must give

consideration to the factors listed in 18 U.S.C. § 3553(a), such as the nature and circumstance of the offense, the need to afford adequate deterrence, and the need to avoid unwarranted sentence disparities.

The Supreme Court's recent decision in Gall v. United States, 128 S. Ct. 586 (2007), instructs us to review all sentences "under a deferential abuse-of-discretion standard" as it relates to reasonableness. Id. at 591. In other words, it is an abuse of discretion for a district court to impose an unreasonable sentence.

Police arrested Oliver in possession of almost 1,600 marijuana plants, a substantial amount of processed marijuana, and nineteen firearms, four of which were loaded and accessible.

Although the district court sentenced Oliver to the same 40 months' imprisonment it originally imposed, it did so only after considering the relevant § 3553(a) sentencing factors and departing downward by six months from the bottom of the applicable advisory guideline range of 46 to 57 months.

We do not agree with the defendant's argument that the repeal of the mandatory minimum component of the AWB, effective some two years after Oliver's AWB guilty plea, somehow renders the newly imposed consecutive 40 month drug sentence unreasonable, either separately or as a component of the overall sentence total of 160 months.

It is axiomatic that the repeal of a statute does not abate a penalty previously imposed under the statute, nor does it lessen the punishment for other related offenses. See 1 U.S.C. § 109.

For the reasons we have detailed, the 40 month sentence for the drug conviction is entirely reasonable, and its reasonableness is not affected by the fact that it must be served consecutive to the lawful (and unappealable) 120 month AWB sentence.

### III.

The district court's judgment is **AFFIRMED**.